IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Glen Minges, *et al.*, | : | |
| | : | Case No. 1:13-cv-03 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for |
| Butler County Agricultural Society, | : | Reconsideration |
| *et al.*, | : | |
| | : | |
| Defendants. | | |

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Decision Granting Defendants' Motion to Dismiss (Doc. 20). For the reasons that follow, the Court will **DENY** the Motion for Reconsideration.

I.      PROCEDURAL HISTORY

On January 3, 2013, Plaintiffs Glen Minges, Layne Minges, and Z.M., a minor, filed a Complaint alleging that Defendants Butler County Agricultural Society ("BCAS") and members of the BCAS Board of Directors violated their federal due process rights by suspending them from participation in the livestock competitions at the Butler County Fair for two years. (Doc. 1.) Plaintiffs asserted claims for substantive and procedural due process violations pursuant to 42 U.S.C. § 1983. Plaintiffs also asserted state law claims for breach of contract and false light arising from the same allegations. (*Id.*)

On March 3, 2013, Defendants moved to dismiss the claims against them on multiple grounds. (Doc. 11.) Relevant to the pending motion, Defendants argued that Plaintiffs could not establish due process claims against them because Defendants did not act under color of state

law as required for liability pursuant to 42 U.S.C. § 1983. (*Id.* at 30.)[1] Plaintiffs opposed the dismissal motion. Plaintiffs also moved for leave to file an amended complaint adding new factual allegations. (Doc. 14.)

On September 17, 2013, the Court issued the Order Granting Motion to Dismiss and Denying Motion for Leave to Amend Complaint. (Doc. 18.) The Court agreed with Defendants' argument that Plaintiffs had not pleaded facts sufficient to establish that the BCAS or the BCAS Board members acted under the color of state law when they disciplined the Minges for a purported violation of county fair's livestock exhibition regulations. (*Id.* at 106.) Specifically, the Court found that Plaintiffs had not alleged facts which would establish a sufficiently close nexus between the State of Ohio and the challenged actions of the BCAS and its Board members such that the actions of the Defendants could be fairly treated as that of the State itself. (*Id.* at 103–06.) The Court then declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. (*Id.* at 106–07.) Finally, the Court denied Plaintiffs leave to file an amended complaint because the amendment would have been futile. (*Id.* at 107.) Plaintiffs now seek the Court to reconsider its decision pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## II.	STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION

There are three grounds for amending a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at the time of trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Berridge v. Heiser*, 993 F. Supp. 1136, 1146–47 (S.D. Ohio 1997); *see also Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (same). Resolution of a motion for reconsideration is within the informed discretion of the

---

[1] The page numbers listed in citations to documents filed electronically in the CM/ECF docketing system refer to the "PAGEID #" generated by the system.

district court.  *Cline v. City of Mansfield*, 745 F. Supp. 2d 773, 841 (N.D. Ohio 2010).  However, as explained by our sister court in *Corl v. Citizens Bank,* No. 2:08–CV–234, 2009 WL 650424 (S.D. Ohio March 10, 2009),

> a "Rule 59(e) motion may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *J.P. v. Taft,* No. C2-04-692, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006) (quoting *Brown v. City of Syracuse,* No. 5:01–CV–1523, 2005 WL 2033492, at *1–2 (N.D.N.Y. Aug. 17, 2005)).  Further, "[a] motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.,* No. 2:04–CV–889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) (quoting *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (internal citation omitted)).  "If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court.["]  *Id.* (internal citation omitted).

*Id.* at *3 (denying motion for reconsideration when the court already had addressed the plaintiff's "new" argument and dismissed it).

## III.   ANALYSIS

Plaintiffs request the Court to reconsider its decision for two reasons:

> (1) in its capacity as a political subdivision, BCAS is a state actor for purposes of §1983 and, therefore, the nexus test does not apply; and (2) even if BCAS is a private entity, Plaintiffs should be given the opportunity to conduct discovery with respect to BCAS's relationship with the State of Ohio as such facts are peculiarly within the knowledge of Defendants.

(Doc. 20 at 111.)

Plaintiffs first argument is based on *Greene County Agricultural Society v. Liming*, 89 Ohio St. 3d 551, 733 N.E.2d 1141 (2000).  The Ohio Supreme Court determined in *Greene County* that a county agricultural society was a "political subdivision" for purposes of the Ohio Political Subdivision Tort Liability Act, Ohio Revised Code Chapter 2744, because it met the definition of a "body corporate and politic responsible for governmental activities in a

3

geographic area smaller than that of the state." 89 Ohio St. 3d at 554–56 (quoting definition of "political subdivision" contained in Ohio Revised Code § 2744.01(F)). Plaintiffs assert that the BCAS's political subdivision status is sufficient to render Defendants amendable to suit pursuant to 42 U.S.C. § 1983. Plaintiffs conclude that Court made a clear error of law by applying the nexus test to determine Defendants' § 1983 status. (Doc. 20 at 113). The Court notes that in their Memorandum in Opposition to the Motion to Dismiss, Plaintiffs had cited *Greene County* in a footnote, but they also implicitly had conceded that the nexus test was relevant by requesting an opportunity to take discovery and gather evidence sufficient to establish a nexus between the State of Ohio and Defendants' challenged conduct. (Doc. 13 at 45 & n.2.)

The Ohio Supreme Court in *Greene County* did not address whether county agricultural societies were political subdivisions for purposes other than Ohio Revised Code chapter 2744. Plaintiffs attempt to connect the dots between the holding in *Greene County* and a determination that county agricultural societies act under color or state law for purposes of § 1983 liability by citing to dicta in a Sixth Circuit case. In *Ohio Manufacturers' Association v. City of Akron*, 801 F.2d 824 (6th Cir. 1986), the Sixth Circuit stated without explanation or analysis that "political subdivisions are automatically encompassed within the term 'state' for purposes of 'state action' under the fourteenth amendment and other constitutional provisions." *Id.* at 830 n.3. The issue in *Ohio Manufacturers' Association* was whether a municipal ordinance was preempted by the federal Occupational Safety and Health Act of 1970. *Id.* at 825. The political subdivision being discussed was the City of Akron, not a county agricultural society. (*Id.*) The court's dicta statement that a municipal corporation such as the City of Akron is encompassed within the term state for purposes of the Fourteenth Amendment is not controversial. Notably, the Sixth Circuit did not instruct in *Ohio Manufacturers' Association* that an entity such as a county agricultural

4

society, a political subdivision as defined in Ohio Revised Code chapter 2744, acts under the color of state law when it imposes penalties for violations of its regulations.

In a case with closer facts, a sister court in the Southern District of Ohio held six years after *Greene County* that an agricultural society was not acting under the color of state law for purposes of § 1983 when it banned a county resident from participating at the county fair's livestock competition. *Farmer v. Pike Cty. Agric. Soc'y*, No. 2:05-cv-664, 2006 WL 1476186, at *7 (S.D. Ohio May 24, 2006). The district court applied the nexus test to determine whether the agricultural society's conduct constituted state action. *Id.* at *6–7. The district court concluded that the evidentiary record did not establish a nexus between the State of Ohio and challenged conduct of the agricultural society. *Id.* The district court found that the presence of state regulation, public funding, and private use of public property were not sufficient to establish the close nexus necessary for § 1983 liability. *Id.* This Court adopted the reasoning of *Farmer* in dismissing the due process claims against Defendants. (Doc. 18 at 106.)

The Court finds that the analysis in *Farmer*, not *Greene County*, is persuasive. The Court will not grant the Motion for Reconsideration on the basis that the Ohio Supreme Court determined in *Greene County* that agricultural societies are political subdivisions for purposes of Ohio Revised Code chapter 2744.

In their second argument for reconsideration, Plaintiffs urge that they should at least be permitted discovery on the issue of whether the BCAS was a state actor. (Doc. 20 at 114–15.) However, the general rule is that "[a] plaintiff is not entitled to discovery before a motion to dismiss." *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013). The sheer possibility that discovery would allow plaintiffs to establish their claim is not a sufficient reason to deny a dismissal motion. *See Estate of Barney v. PNC Bank, N.A.*, 714 F.3d 920, 929 (6th Cir.

2013).  Plaintiffs have not established that the Court made a clear error of law in dismissing this case without discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 20) is hereby **DENIED**.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court
